RECEIVED

APR 1 5 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk


U.S D.C. Atlanta

APR 1 5 2004

LUTHER _____ Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **DELARIA EVANS,** ) | **CIVIL ACTION FILE NO.** |
| ) | |
| **Plaintiff,** ) | **1:04-CV-1144** |
| ) | |
| **vs.** ) | **1 04·MI-0096 CAM** |
| ) | |
| **BOYD RESTAURANT GROUP,LLC;** ) | |
| **and** ) | |
| **JAMES BOYD, SR.;** ) | |
| **and** ) | |
| **AFC ENTERPRISES,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff, Dalaria D. Evans, proceeding *pro see,* and hereby submits her Complaint against the above named Defendants on the following grounds:

### JURISDICTION AND VENUE

1.

This action is brought pursuant to 42 U. S. C. §§ 1983 and 1988, Title V11 of the Civil Rights Act of 1964, as amended. Jurisdiction is conferred on this Court by U. S. C. §§ 1331 and 1343.

1

2.

Venue is properly laid in this Court by virtue of the fact that all parties reside or located in the Northern District, and the wrongful conduct alleged herein occurred in the Northern District of Georgia.

3.

Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and has received Notice of Right to Sue from the EEOC. See Exhibit "A" attached hereto and incorporated herein by reference.

## PARTIES

4.

Plaintiff is a resident of the State of Georgia who is entitled to bring actions of this kind and nature.  Plaintiff is currently unemployed.

5.

Boyd  Restaurant Group LLC (hereinafter referred to as "BRG" is a public restaurant doing business as "Popeyes."   BRG may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by personal service at his business address at 5415 Old National Highway, College Park, GA 30349.

Defendant James Boyd is the owner/manager/ stockholder of Popeyes. He may be served, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by service at his business address at 5415 Old National Highway, College Park, Georgia 30349,

Defendant  AFC Enterprises (hereinafter "AFC") is the franchiser  of the franchise, located at 5415 Old National Highway, College Park, Georgia 30349. Defendant AFC may be served at Six Concourse Parkway, Ste 1700, Atlanta (Fulton County), Georgia 30328-535.

## FACTUAL ALLEGATIONS

### 6.

Plaintiff became employed by Defendant BRG on or about January 14, 2004 as a packer of food ordered by BRG' customers. Plaintiff served as a packer from the commencement of her employment until on or about February 8, 2004 at which time she was fired.

### 7.

One of BRG"s employees, James Summers, served as an Assistant manager, is also a Pastor of a church (Christ in Deliverance Church) in Jonesboro, Georgia.

### 8.

I joined Pastor Summers church and was picked up at the Popeyes by Pastor Summers who picked up in his church van and transported me to his church for worship Service.

### 9.

Defendant James Boyd Sr had previously told me and other employees in the restaurant that  if any of us joined Pastor Summers church. He we would be fired them.

10.

I had already joined Pastor Summers church when Defendant James Boyd Sr told

his employees, while we were at work his restaurant

11.

When Defendant Boyd learned that I had already joined Pastor Summers church ,

he told me that I was going to regret that because he had told his employees not to join or

attend said church.

12.

On or about February 7, 2004,  Defendant Boyd ordered Pastor Summers to

terminate Plaintiff which Pastor Summers refused to do without some other valid reason.

13.

On or about February 8, 2004, another one Defendant  BRG's employees, Delores

Simpson, told me that the work pants I was wearing did not comply with Popeye's dress

code and that I could not wear same to work anymore . I pointed out to Delores  Simpson

that I was wearing the same pants that I had been wearing  from the beginning of my

employment, and that the pants I was wearing at the time were identical to the pants that

she was wearing at that moment     .

14.

When I pointed out that I was wearing the same pants I had always worn from the

beginning of my employment and was the same type pants she was wearing, she told me

that she did not care if they were the same pants I had worn from the beginning of my employment and that they were the same as the ones she was presently wearing, she told me that she just did not like my pants and not to wear them anymore.

15.

During the ongoing encounter, Delores Simpson told me that if I did not want to wear different pants, I could "clock out," which I did.

16.

During this same period, Defendant Boyd told me that I was terminated for reporting to work in pants which did not comply with his dress code.

17.

I left the restaurant and he followed me in the parking lot verbally harassing me, telling me not to come back on his property, even though I was not on his property at the time, but was in the parking lot located off his property.

18.

Defendant Boyd continued to harass me and he called the police requesting that the police arrest me because I was on his property.

19.

Two deputies from Fulton County sheriff's Department answered the call an threatened to "give me a ride" to jail.

20.

The two deputies from the sheriff's office had no jurisdiction over whatever complaint Defendant Boyd made against me, and that they had no jurisdiction over the complaint as I was advised by their precinct captain when I complained of the mistreatment rendered by one of the deputies, who happened to be friends of Defendant Boyd and who ate in his restaurant free.

21.

Immediately after the sheriff deputies left, and upon the call from BRG, one police officer from the Fulton County police precinct came and asked me I know that I was not to return on BRG's property, but refused to arrest me for the reason I was not on BRG's property and that I was not disturbing the peace.

22.

On or about March 5, 2004, after Plaintiff had been terminated, and on the next pay period which was on about March 1, 2004,  Plaintiff was out of town, but upon Plaintiff's return, Defendants BRG and James Boyd Sr. paid Plaintiff with one check and two pay stubs, withholding one pay check.

23.

On or about March 5, 2004, after Defendant Boyd told Plaintiff to come to Popeye's to submit time slips and inquire about and request the check that was missing from the pay stub that she had received the day before.

24.

Even after Defendant Boyd had asked Plaintiff to bring in her time sheets Defendant Boyd called the Fulton County police and requested the two officers who responded to the call to arrest Plaintiff but again the police officers refused to arrest Plaintiff but advised Plaintiff send the pay slips to Defendant BRG and Boyd by U. S. Mail, which she did.

25.

Later that same day, Pastor Summers called Plaintiff and ask to meet him away from Popeyes for the purpose of picking up the missing check. which she did pick up

26.

After terminating Plaintiff employment on religious grounds, Defendant BRG And Defendant Boyd have subjected Plaintiff to extreme harassment and withholding her paycheck..

27.

As a result of Defendants' wrongful termination and retaliatory conduct, Plaintiff has suffered mental and emotional distress, including anger, sadness, frustration, embarrassment, and humiliation.

28.

Defendant AFC is the franchiser of BRG and as such bears responsibility for the conduct of the Defendants.

## SUBSTANTIVE ALLEGATIONS

### COUNT ONE: RELIGION
### TITLE VII OF THE CIVL RIGHTS ACT OF 1964, AS AMENDED

29.

Paragraphs 1-28 are realleged and incorporated herein by reference.

Defendants' termination of Plaintiff's employment because of Plaintiff's

participation in religious activity violates Title VII of the Civil Rights Act of 1964,

as amended.

### COUNT TWO: RETALIATION
### 42 U. S. C. §198

Paragraphs 1-29 are realleged and incorporated herein by reference.

30.

Defendants have violated Plaintiff's rights under 42 U. S. C. § 1983 by

intentionally retaliating against Plaintiff for her religious activity.

**WHEREFORE,** prays for a judgment as follows:

a.   Frontpay and all benefits of employment;

b.   Compensatory damages for the emotional distress caused by

Defendants' discriminatory and retaliatory actions;

c.   Expenses of litigation, including reasonable attorney's fees, if any.

d.   Punitive damages against the Defendants;

e.   Prejudgment interest;

8

f.     Such additional and further relief as the Court deems just and

       Proper; and

g.     A trial by jury.

Respectfully submitted this 30th day of March, 2004.


                                        Dalaria D. Evans
                                           Plaintiff

6385 El Caudillo Court
College Park, Georgia 30349
(770) 964-4350

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Dalaria D. Evans<br>6385 El Caudillo Court<br>College Park, GA 30349 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110-2004-02059 | Martha J. Wright,<br>Investigator | (404) 562-6881 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Bernice Williams-Kimbrough,
Director

MAR 2 2 2004

*(Date Mailed)*

Enclosure(s)

c:   BOYD RESTAURANT GROUP LLC
7545 Brigham Drive
Atlanta, GA 30350