IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DELARIA EVANS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:04-CV-1144-RWS |
| | : | |
| BOYD RESTAURANT GROUP, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Summary Judgment [146]; Plaintiff's Motion for Recusal [147]; Plaintiff's Motion for Cognition [148]; Plaintiff's Motion for Sanctions [149]; and Plaintiff's Amended Motion for Sanctions [155]. After reviewing the entire record, the Court enters the following Order.

## Background

Plaintiff Delaria Evans brought this action on April 15, 2004, alleging that Defendant Boyd Restaurant Group, LLC, discriminated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. Plaintiff alleges that Defendant terminated her employment at Popeye's Fried Chicken because she attended a Pentecostal church where her supervisor, James Summers, was the pastor. Plaintiff claims that the owner of the restaurant, James Boyd, forbade employees from attending the church at which Summers was the pastor because he believed that Summers would show favoritism to those employees. (See R. & R. Mar. 25, 2005 at 2-6.) Plaintiff alleges that shortly after she was observed attending the church, Plaintiff was terminated by Defendant. Plaintiff also brought various other claims, including a claim under 42 U.S.C. § 1983 and a claim for retaliation under Title VII.

On July 29, 2005, the Court granted summary judgment to Defendant on all claims except Plaintiff's Title VII religious discrimination claim.[1] (See

---

[1] The dismissal of Plaintiff's retaliation and § 1983 claims has been affirmed by the Eleventh Circuit Court of Appeals. (See Judgment of 11th Circ. Court of App., Nov. 13, 2007 [143].)

Order of Jul. 29, 2005 [50] (Moye, J.).)  As to the religious-discrimination claim, the Court held Plaintiff had stated a *prima facie* case that Defendant failed to reasonably accommodate Plaintiff's religion by enforcing a rule that she could not attend the church of her supervisor, James Summers.

Following the disposition of those motions, the parties proceeded to trial before a Special Master on February 27, 2006.  On June 9, 2006, Special Master Judge Janet F. King issued a Report & Recommendation recommending that judgment be entered for Defendant and against Plaintiff in this action.  By Order entered September 7, 2007, the Court adopted the Report & Recommendation of Special Master King and entered judgment in favor of Defendant.  (See Order of Sep. 7, 2007 [121] (Moye, J.).)  Plaintiff appealed, and the Eleventh Circuit Court of Appeals vacated the judgment because Plaintiff had invoked her right to a jury trial right and was denied an opportunity to present her case to a jury before the Court rendered judgment.  (See Judgment of 11th Circ. Court of App., Nov. 13, 2007 [143].)  On January 3, 2008, Judge Moye entered an Order of Recusal, and the case was subsequently reassigned to the undersigned [144,145].

AO 72A
(Rev.8/82)

Plaintiff has since filed various motions, which the Court now addresses.

## Discussion

**I.      Plaintiff's Motion for Summary Judgment [146]**

Plaintiff moves for summary judgment, claiming that her testimony establishes as a matter of law that she is entitled to judgment on her claim of religious discrimination against Defendant.  "A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried.  Each material fact must be numbered separately and supported by a citation to evidence proving such fact.  The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts." N.D. Ga., LR 56.1.B.(1).  Plaintiff has failed to attach the required statement of material facts.  Accordingly, Plaintiff's Motion for Summary Judgment must, for that reason alone, be denied.

AO 72A
(Rev.8/82)

Even were the Court to consider Plaintiff's Motion, however, the Court would nonetheless find it without merit because a genuine issue of material fact exists concerning whether Defendant violated Title VII in this action. The discussion in Judge King's Report & Recommendation of March 25, 2005 [45], makes clear that the record is rife with disputed facts and inconsistent testimony. Accordingly, Plaintiff's Motion is **DENIED**.[2]

## II.     Plaintiff's Motion for Recusal [147]

Plaintiff moves to recuse Magistrate Judge King from participation in this matter. However, upon the rendering of judgment on September 7, 2006, the submission of this action to Magistrate Judge King was terminated. There has been no reassignment of this matter to Judge King. Accordingly, Plaintiff's Motion for Recusal [147] is **DENIED as moot**.

## III.    Plaintiff's "Motion for Cognition" [148]

Plaintiff moves to assign her claim to Leonard E. Smith, Sr. This Court has previously denied an identical request made by Plaintiff. (Order of May 16,

---

[2] Insofar as Defendant requests summary judgment in its response to Plaintiff's Motion for Summary Judgment, Defendant's request is **DENIED** because there exists a genuine dispute of material fact on Plaintiff's claim of religious discrimination. However, the Court **RESERVES RULING** on Defendant's request for attorney fees based upon the allegedly false affidavit filed by Plaintiff on behalf of James Summers.

2006 [103].)  After Plaintiff appealed, the Eleventh Circuit affirmed this Court's ruling and held a Title VII Plaintiff may not assign his or her claim to another individual.  (<u>See</u> Op. of 11th Circ. Court of App., Nov. 13, 2007 [143].)  Accordingly, Plaintiff's "Motion for Cognition" is **DENIED**.

### IV. Plaintiff's Motion for Sanctions [149] and Plaintiff's Amended Motion for Sanctions [155]

Plaintiff moves for sanctions against the owner of Defendant, James Boyd, and defense counsel, claiming that defense counsel initially misrepresented that he was representing a party in this action who has since been dismissed.  After a thorough review of Plaintiff's filings, the Court finds that sanctions are not warranted based upon the conduct alleged by Plaintiff.  Accordingly, Plaintiff's  Motion for Sanctions [149] and Plaintiff's Amended Motion for Sanctions [155] are **DENIED**.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [146] is **DENIED**.  Plaintiff's Motion for Recusal [147] is **DENIED as moot**.  Plaintiff's Motion for Cognition [148] is **DENIED**.  Plaintiff's Motion for

6

Sanctions [149] is **DENIED**.  Plaintiff's Amended Motion for Sanctions [155] is **DENIED**.

The parties are **DIRECTED** to file their proposed pretrial orders within thirty (30) days of the entry of this Order.

**SO ORDERED** this  23rd  day of June, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)