# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DELARIA EVANS, :
　　　　　　　　　　　　　　　　:
　　　Plaintiff, :
　　　　　　　　　　　　　　　　:
v. : CIVIL ACTION NO.
　　: 1:04-CV-1144-RWS
BOYD RESTAURANT GROUP, :
LLC, :
　　　　　　　　　　　　　　　　:
　　　Defendant. :

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Recusal [170-1] and Motion for Reconsideration [170-2].  After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff Delaria Evans brought this action on April 15, 2004, alleging that Defendant Boyd Restaurant Group, LLC, discriminated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. Plaintiff alleges that Defendant terminated her employment at Popeye's Fried Chicken because she attended a Pentecostal church where her supervisor, James Summers, was the

pastor. Plaintiff claims that the owner of the restaurant, James Boyd, forbade employees from attending the church at which Summers was the pastor because he believed that Summers would show favoritism to those employees. (See R. & R. Mar. 25, 2005 at 2-6.) Plaintiff alleges that shortly after she was observed attending the church, Plaintiff was terminated by Defendant. Plaintiff also brought various other claims, including a claim under 42 U.S.C. § 1983 and a claim for retaliation under Title VII.

On July 29, 2005, the Court granted summary judgment to Defendant on all claims except Plaintiff's Title VII religious discrimination claim.[1] (See Order of July 29, 2005 [50] (Moye, J.).) As to the religious-discrimination claim, the Court held Plaintiff had stated a *prima facie* case that Defendant failed to reasonably accommodate Plaintiff's religion by enforcing a rule that she could not attend the church of her supervisor, James Summers.

Following the disposition of those motions, the parties proceeded to trial before a Special Master on February 27, 2006. On June 9, 2006, Special Master Judge Janet F. King issued a Report & Recommendation recommending that judgment be entered for Defendant and against Plaintiff in this action. By

---

[1] The dismissal of Plaintiff's retaliation and § 1983 claims has been affirmed by the Eleventh Circuit Court of Appeals. (See Judgment of 11th Cir. Court of App., Nov. 13, 2007 [143].)

AO 72A
(Rev.8/82)

Order entered September 7, 2007, the Court adopted the Report & Recommendation of Special Master King and entered judgment in favor of Defendant. (See Order of Sept. 7, 2007 [121] (Moye, J.).) Plaintiff appealed, and the Eleventh Circuit Court of Appeals vacated the judgment because Plaintiff had invoked her right to a jury trial right and was denied an opportunity to present her case to a jury before the Court rendered judgment. (See J. of 11th Cir. Ct. of App., Nov. 13, 2007 [143].) On January 3, 2008, Judge Moye entered an Order of Recusal, and the case was subsequently reassigned to the undersigned [144,145].

On January 31, 2008, Plaintiff filed a Motion for Summary Judgment [146], Motion for Recusal of Magistrate Judge Janet King [147], Motion for Cognition of Plaintiff's Assignment of Her Choses Inaction [148] and Motion for Sanctions and Punitive Damages [149]. On February 11, Plaintiff filed an Amended Motion for Sanctions and Punitive Damages [155]. On June 23, 2008, the Court entered an Order [159] denying all of the foregoing motions. On July 25, 2008, Plaintiff filed a Notice of Appeal [161] as to the Court's June 23 Order. On September 15, 2008, the Court of Appeals entered an Order [168] dismissing the Appeal.

3

On October 9, 2008, Plaintiff filed a Motion for Recusal [170-1] and a Motion for Reconsideration [170-2] of the Court's June 23 Order. The case is presently before the Court for consideration of those Motions.

## Discussion

Motion for Recusal

Plaintiff has submitted an Affidavit in support of her Motion to Recuse. However, the Affidavit only recounts actions taken by Judge Moye and Magistrate Judge King. In her Brief, Plaintiff complains about the rulings of the undersigned in the June 23 Order and suggests that recusal would avoid the appearance of impropriety. (Pl.'s Br. at 9.) Plaintiff seeks recusal pursuant to 28 U.S.C. § 455(a).

Section 455 requires recusal of a judge in a host of specific circumstances, not present here, see 28 U.S.C. § 455(b), and "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Although § 455 "liberalize[d] greatly the scope of disqualification in federal courts[,]" Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting United States v. Alabama, 828 F.2d at 1541), and relieves litigants of the strict procedural predicates mandated by § 144, it does not invite recusal whenever it is requested by a party. Rather, recusal under subsection (a) is appropriate only

4

where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality . . . ." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted).

Importantly, it is not the movant's allegations that control the propriety of recusal, but the facts. See id.; see also United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) ("A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.' ") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true."). The rule is self-enforcing, and motions to recuse under § 455, while they may be referred to a judicial colleague for review, see United States v. Craig, 853 F. Supp. 1413, 1414-15 (S.D. Fla. 1994), are typically decided by the presiding judge. See McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1259 (5th Cir. 1983).

Analyzing Plaintiff's § 455 challenge under this standard, it is clear her motion must fail. Ultimately, her assertions of partiality (and, presumably, the appearance of partiality) rest only on the fact that this Court denied motions filed by Plaintiff. Precedent makes plain that this assertion does not warrant

5

recusal. See Hepperle v. Johnston, 590 F.2d 609, 614 (5th Cir. 1979) (prior rulings of court cannot support recusal under § 455).

Simply stated, while the Court is mindful of the importance of avoiding even the appearance of partiality, it is of the view that no reasonable observer, fully apprised of the facts, could seriously question its impartiality. Plaintiff's Motion for Recusal [170-1] is **DENIED**.

Motion for Reconsideration

In her Motion for Reconsideration, Plaintiff urges the Court to reconsider its June 23, 2008 Order [159] denying her Motion for Summary Judgment [146], Motion for Cognition [148], and Motion for Sanctions [149]. After reviewing Plaintiff's Motion, the Court makes the following findings.

In denying Plaintiff's Motion for Summary Judgment [146] the Court noted that Plaintiff "failed to attach the required statement of material facts" pursuant to Local Rule 56.1B(1) of the Northern District of Georgia. (June 23 Order at 4.) In her Motion for Reconsideration, Plaintiff urges the Court to consider the merits of her Motion in light of her *pro se* status. (Pl.'s Mot. [170-2 at 13-14.) In fact, the Court did consider the merits of the Motion. The Court found that there were genuine issues of material fact precluding summary

6

judgment in Plaintiff's favor. (June 23 Order at 5.) A review of the briefs of the parties [146, 151, and 158] as well as the Non-Final Report and Recommendation [45] ("R&R") of Magistrate Judge Janet King established the existence of genuine issues of fact. Plaintiff questions the Court's reliance on Magistrate Judge King's finding in the R&R that genuine issues of fact precluded summary judgment for Defendants on Plaintiff's religious discrimination claim. However, in her Reply [47] to Defendants' Objections [46] to Judge King's finding, Plaintiff agreed that there were genuine issues of fact.

Plaintiff has offered no basis for reconsideration of the Court's previous Order. Therefore, as to Plaintiff's Motion for Summary Judgment [146], Plaintiff's Motion for Reconsideration is **DENIED**.

Plaintiff requests that the Court reconsider her Motion for Cognition and specifically address the holding in Kramer v. Carribean Mills, Inc., 394 U.S. 823, 89 S. Ct. 1487, 23 L. Ed. 2d 9 (1969). In the June 23 Order, the Court addressed Plaintiff's Motion for Cognition for the second time. The Motion had earlier been denied, and the decision denying the Motion was affirmed by the Eleventh Circuit Court of Appeals [143]. The Kramer case addresses the issue of improper or collusive assignments of claims. That issue is not before

the Court. Therefore, Plaintiff offers no basis for reconsideration of the denial of her Motion for Cognition. Accordingly, the Motion for Reconsideration as to the Motion for Cognition is **DENIED**.

Finally, Plaintiff urges the Court to reconsider its decision to deny Plaintiff's Motion for Sanctions [149]. As the Court noted in the June 23 Order, a thorough review has been done of the record and the Court finds no evidence that would support sanctions against Defendant James Boyd or defense counsel. Certainly, there is no evidence that Plaintiff suffered any harm as the result of the conduct which she alleges against counsel. Plaintiff offers no basis for reconsideration of the Court's prior ruling. Therefore, Plaintiff's Motion for reconsideration [170-2] is **DENIED** as it relates to Plaintiff's Motion for Sanctions [149].

Conclusion

Based on the foregoing, Plaintiff's Motion for Recusal [170-1] and Motion for Reconsideration [170-2] are **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  31st  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)